Per Curiam.
 

 The question here arises upon a bill of exceptions filed on the trial of this ejectment.
 

 The lessor of the plaintiff gave in evidence a grant from the State to himself, for the land in question, dated the 21st of January, 1812, beginning at a sugar tree, the north boundary of 5,000 acres granted to Martin Armstrong, by north 97, 60 poles west of the northeast corner, north 100, east 135, south 260, west 75, north 165, west to the beginning. Also he introduced his entry, Roger B. Sappington, 100 acres on a western branch of the nearest fork of Richland Creek of Elk, beginning at the north boundary line of a tract of 5,000 acres, 60 poles west of his northeast corner, north 100, thence east and south for complement, January the 2d, 1809. The defendant’s grant was dated 1811, and covered the land in dispute, and was bottomed upon an entry of the 2d of September, 1809, covering the land in dispute. The branch called for in Sapping-ton’s entry, runs through the land nearly in the centre as surveyed. Had Sappington run east and south the same distance, and then west to Armstrong’s line, so as to include 160, he could not have interfered with the defendant; the south line runs into the land claimed by the defendant, and the west line includes it. There were not any elder claims to hinder Sappington from surveying his lines of equal length, running east * and south. The question is whether the survey was rightly made or not.
 

 An entry may be surveyed in a square or oblong. If such are the calls of the entry, that a section is to be included which diverges from a square or oblong, then the survey must be in a square or oblong, after including the section. Here the quadrangular section is comprehended, and, joining to it, commences an oblong at one point, not more than twice as long as broad. The legal figure is conformed to as soon as the quadrangular section is completed. The survey was correctly made.
 
 Affirm, the judgment.
 

 See King’s Digest, 7896.